FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

APR 02 2026

GARY P. SERDAR
CLERK OF COURT

BY_____
DEPUTY CLERK

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

### for the

District of **UTAH**

**Central** Division

Case: 1:26-cv-00044
Assigned To : Romero, Cecilia M.
Assign. Date : 4/2/2026
Description: Smith v. City of Orem et al

**Eric Smith**

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

**City of Orem, Michael Locke John/Jane Doe officers 1-5 in individual capacity**

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Case No _____

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

I.    The Parties to This Complaint

A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name          *Eric Smith*
Address       *20 S Main St*
              *Bountiful          UT          84010*
                        City              State          Zip Code

County        *Davis*
Telephone Number
E-Mail Address   *Eric and emily 201313 @*
                 *Gmail, com*

B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
Name                      *City of Orem*
Job or Title (if known)   *56 N State St*
Address                   *Orem Utah*
                          *Orem          UT          84057*
                                City          State          Zip Code
County                    *Utah*
Telephone Number          *801- 229- 7097*
E-Mail Address (if known)

☑ Individual capacity    ☐ Official capacity

Defendant No. 2
Name                      *Michael locke*
Job or Title (if known)   *Police officer*
Address                   *56 N State St*
                          *Orem          UT          84057*
                                City          State          Zip Code
County                    *Utah*
Telephone Number          *801- 229- 7097*
E-Mail Address (if known)

☑ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

Name

Job or Title *(if known)*

Address

*John/Jane Doe officers 1-5*
*Police officers*
*56 N State St*
*Orem*            *UT*            *84057*
City                State            Zip Code

*UTAH*

County

Telephone Number

E-Mail Address *(if known)*

*801-229-7097*

☑ Individual capacity        ☐ Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Address

_____

_____

_____

_____

City                State            Zip Code

County

Telephone Number

E-Mail Address *(if known)*

_____

_____

_____

☐ Individual capacity        ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*See complaint*

_____

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

See Complaint

B.    What date and approximate time did the events giving rise to your claim(s) occur?

September 11th, 2025    See Complaint
October 10th, 2025

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Complaint

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

IV.   **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*See complaint*

V.   **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*See complaint*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _04 - 01 - 2026_

Signature of Plaintiff   _Eric Smith_

Printed Name of Plaintiff   _Eric Smith_

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney      _____

Printed Name of Attorney   _____

Bar Number                 _____

Name of Law Firm           _____

Address                    _____

                           _____
                           City          State       Zip Code

Telephone Number           _____

E-mail Address             _____

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

APR 02 2026

GARY P. SERDAR
CLERK OF COURT

BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

ERIC N. SMITH,
Plaintiff,

v.

CASE#

CITY OF OREM; SGT. MICHAEL LOCKE, in his
DAMAGES UNDER 42 U.S.C. § 1983
individual capacity; JOHN/JANE DOE OFFICERS 1–5,
in their individual capacities,
Defendants.

Case: 1:26-cv-00044
Assigned To : Romero, Cecilia M.
Assign. Date : 4/2/2026
Description: Smith v. City of Orem et al

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND DEMAND FOR
JURY TRIAL

Plaintiff Eric N. Smith, appearing pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil rights action under 42 U.S.C. § 1983 arising from Defendants' enforcement of City of Orem business-license rules and criminal process against Plaintiff's protected expressive and political activity.

2. Plaintiff alleges that Defendants, acting under color of state law, targeted Plaintiff's political advocacy and expressive tabling/fundraising activity, including speech supporting Donald J. Trump and Charlie Kirk, through selective enforcement, false statements, and the procurement of an arrest warrant unsupported by probable cause.

3. Plaintiff further alleges that Sgt. Michael Locke and other involved officers made materially false or misleading statements in a sworn

declaration submitted to obtain a warrant for Plaintiff's arrest, in violation of the Fourth Amendment.

4. Plaintiff seeks damages, declaratory relief, injunctive relief, attorneys' fees under 42 U.S.C. § 1988 if later represented by counsel, and such other relief as the Court deems just and proper.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

6. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Orem, Utah County, Utah, within this District.

## III. PARTIES

8. Plaintiff Eric N. Smith is a resident of Utah and at all relevant times was engaged in expressive political activity in and around Orem, Utah.

9. Defendant City of Orem is a municipality organized under Utah law and is a "person" subject to suit under 42 U.S.C. § 1983.

10. Defendant Sgt. Michael Locke was at all relevant times an officer of the Orem Police Department acting under color of state law.

11. Defendants John/Jane Doe Officers 1–5 are persons whose identities are presently unknown to Plaintiff, but who participated in, authorized, executed, ratified, or made false statements concerning the investigation, enforcement, summons, arrest warrant, or related prosecution described below.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's protected expressive activity

12. Plaintiff engaged in public political expression, advocacy, tabling, and related activity in the City of Orem and surrounding areas.

13. Plaintiff's expressive activity included political messaging and support for conservative political speech, including support for Donald J. Trump and Charlie Kirk, and related political fundraising or donation-based activity.

14. Plaintiff's activity was expressive conduct protected by the First Amendment.

15. Plaintiff's activity was not undertaken as a covert commercial enterprise, but as political advocacy and expressive public engagement.

### B. The City's licensing ordinance and enforcement

16. The City of Orem has enacted and enforced Article 12-2, entitled "License Regulations," which states that it is unlawful to operate a business in the City without first obtaining a license.

17. The ordinance further provides exemptions, including for certain charitable, religious, and benevolent activities.

18. On information and belief, Defendants used the ordinance to target Plaintiff's protected speech and expressive conduct rather than neutrally enforcing a generally applicable regulatory scheme.

19. On information and belief, Defendants treated Plaintiff's political tabling and donation-based speech as criminal conduct, while not applying the ordinance in the same manner to comparable expressive activity by others.

20. On September 11, 2025, Lt. Jamison allegedly told Plaintiff that he had to stop "selling items" because he did not have a business license.

21. Plaintiff disputed that he was operating a retail business and stated that he was taking donations and providing items as gifts in connection with expressive activity.

22. On October 10, 2025, Plaintiff returned to the same location and continued his expressive activity.

23. On information and belief, the City of Orem and its officers viewed Plaintiff's message, viewpoint, and political associations as objectionable and used licensing enforcement as a pretext to suppress or burden that expression.

C. The sworn declaration and warrant

24. On or about March 23, 2026, Sgt. Michael Locke executed a "Declaration in Support of Warrant for Arrest" in City of Orem Justice Court case number 251900995.

25. The declaration stated that Locke was "involved in an investigation regarding Eric Smith doing business without a business license in Orem, Utah."

26. The declaration further stated that on October 10, 2025, an undercover officer "purchased several items" from Plaintiff after asking how much they cost, and that Plaintiff "did not indicate that the items were gifts in exchange for donations" and asked for "an additional $5 for tax."

27. The declaration also stated that the City Attorney's Office had been unable to serve a summons, that the process server attempted service six times, and that the process server "connected with Smith on the telephone" and Smith said he "would not be back to accept service."

28. On March 24, 2026, Justice Court Judge Reed Parkin issued an arrest warrant based on the declaration.

29. Plaintiff denies that he told any process server that he would not return to accept service.

30. Plaintiff denies that the declaration accurately described the nature of his activity, the transaction alleged to be a "sale," and the circumstances surrounding service attempts.

31. The declaration omitted or misstated material facts relevant to probable cause, including but not limited to:

a. whether Plaintiff's activity was political or expressive rather than commercial;

b. whether items were being offered as gifts in exchange for donations;

c. whether the officer's characterization of a "purchase" was accurate;

d. whether the alleged request for "tax" was part of a donation-based exchange or another context;

e. the date, time, number, and content of any alleged telephone call with the process server; and

f. whether the process server actually reached Plaintiff and whether Plaintiff made the statements attributed to him.

32. Upon information and belief, the false or misleading statements in the declaration were made knowingly, intentionally, or with reckless disregard for the truth.

33. Without the false or misleading statements and omissions, probable cause to issue the arrest warrant would not have existed, or at minimum would have been materially undermined.

D. Harm to Plaintiff

34. The warrant and criminal accusation chilled Plaintiff's speech and burdened his political advocacy.

35. Plaintiff incurred emotional distress, reputational harm, fear of arrest, and interference with his ability to continue his expressive political activity.

36. Plaintiff was forced to challenge the warrant and protect himself from arrest based on a criminal accusation that was used to suppress or burden protected speech.

## V. CLAIMS FOR RELIEF

COUNT I
First Amendment Retaliation and Viewpoint Discrimination
42 U.S.C. § 1983
Against All Defendants

37. Plaintiff realleges paragraphs 1 through 36.

38. Plaintiff engaged in speech and expressive conduct protected by the First Amendment.

39. Defendants took adverse action against Plaintiff, including investigation, selective enforcement, criminal accusation, and procurement of an arrest warrant.

40. Plaintiff's protected speech and viewpoint were a substantial or motivating factor in Defendants' conduct.

41. Defendants acted with retaliatory animus toward Plaintiff's political advocacy and expressive activity.

42. Defendants' conduct burdened Plaintiff's speech and was not narrowly tailored to serve a compelling governmental interest.

43. To the extent Defendants enforced the licensing ordinance against Plaintiff's political activity while exempting or treating differently comparable expressive or charitable activity, Defendants engaged in content-based and/or viewpoint-based discrimination in violation of the First Amendment.

44. Defendants' acts caused Plaintiff injury.

COUNT II
Fourth Amendment Violation for Warrant Procured by False Statements and Omissions
42 U.S.C. § 1983
Against Sgt. Michael Locke and Doe Officers 1–5

45. Plaintiff realleges paragraphs 1 through 36.

46. Sgt. Locke and/or other involved officers made sworn statements in support of the arrest warrant.

47. Those statements contained material falsehoods and/or omitted material facts.

48. The false statements and omissions were made knowingly, intentionally, or with reckless disregard for the truth.

49. The challenged statements were necessary, or materially significant, to the finding of probable cause.

50. Without the false or misleading material, the warrant would not have issued, or the magistrate would not have had a substantial basis for issuance.

51. The procurement and execution of the warrant violated Plaintiff's rights under the Fourth Amendment.

COUNT III
Municipal Liability
42 U.S.C. § 1983
Against the City of Orem

52. Plaintiff realleges paragraphs 1 through 36.

53. The City of Orem is liable under Monell because the constitutional violations complained of were caused by an official policy, custom, practice, or decision by final policymakers.

54. The City's licensing ordinance, together with its enforcement against Plaintiff's protected political and expressive activity, constituted official municipal policy.

55. On information and belief, City officials with policymaking authority ratified, authorized, or directed the enforcement actions and warrant application at issue.

56. The City maintained a custom or practice of treating expressive or political tabling and donation-based advocacy  as unlicensed business

activity and of using criminal process to suppress or burden that expression.

57. The City's policy, custom, or ratification was the moving force behind Plaintiff's injuries.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

A. Declare that Defendants violated Plaintiff's rights under the First and Fourth Amendments;

B. Enjoin Defendants from further enforcing the challenged conduct against Plaintiff in a manner that suppresses protected speech or relies on false warrant statements;

C. Award compensatory damages in an amount to be proven at trial;

D. Award punitive damages against the individual Defendants in their individual capacities as allowed by law;

E. Award costs of suit and such other relief as the Court deems just and proper;

F. Grant any further declaratory or equitable relief appropriate under 28 U.S.C. §§ 2201–2202.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this _30th_ day of _March_ , 2026.

Respectfully submitted,

ERIC N. SMITH
Plaintiff Pro Se
General Delivery
20 S Main Street
Bountiful, UT 84010
Email: ericandemily201313@gmail.com