FILED
2026 JUL 8 AM 9:45
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

ERIC N. SMITH
Plaintiff

v.

) Case No. 1:26=CV-00044-DBB-CMR
) Plaintiff Memorandum In Opposition\
) To Defendants Motion To Dismiss

CITY OF OREM; SGT. MICHAEL LOCKE;
 LT. JAMISON JOHN/JANE DOE OFFICERS 1–10,
Defendants

.

Plaintiff Eric N. Smith respectfully submits this memorandum in opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Defendants ask the Court to dismiss this case by treating disputed facts as established, expanding Younger beyond its proper scope, and applying Heck before any conviction exists. The Amended Complaint plausibly alleges First Amendment retaliation, viewpoint discrimination, a Fourth Amendment violation, prior restraint, and municipal liability. At minimum, if the Court concludes any claim needs additional factual detail, Plaintiff requests leave to amend rather than dismissal with prejudice.

**INTRODUCTION**

This case arises from Plaintiff's allegations that Orem officials targeted his expressive political activity, treated it as unlicensed commercial conduct, and used criminal process to suppress that expression. The Amended Complaint alleges that Plaintiff engaged in political messaging, advocacy, and donation-based expressive conduct associated with support for Donald J. Trump and Charlie Kirk; that Defendants selectively enforced licensing ordinances against him; and that warrant-related materials omitted or misstated material facts about the expressive and political nature of his conduct. ECF 7 ¶¶ 12–20, 32–49.

Defendants' motion fails for three reasons.

First, **Younger** may support abstention from equitable relief while the state criminal case is pending, but it does not justify dismissal of damages claims. At most, those claims should be stayed. Deakins v. Monaghan, 484 U.S. 193 (1988)

Second, **Heck** does not bar this action because Plaintiff has not been convicted. The Supreme Court has made clear that a pre-conviction civil

rights action is not dismissed as premature merely because criminal proceedings are pending. Wallace v. Kato, 549 U.S. 384 (2007)

Third, Defendants improperly rely on the arrest-warrant declaration to contradict the Amended Complaint at the pleading stage. The Court must accept Plaintiff's factual allegations as true and may not resolve factual disputes in Defendants' favor on a motion to dismiss. Fed. R. Civ. P. 12(b)(6)

## FACTUAL BACKGROUND

For purposes of this motion, Plaintiff's well-pleaded factual allegations must be accepted as true. Plaintiff alleges he engaged in expressive political activity in Orem, Utah, including political messaging, advocacy, and donation-based expressive conduct. ECF 7 ¶¶ 12–14. He alleges that activity included support for Donald J. Trump and Charlie Kirk. Id.

Plaintiff further alleges that Orem officers treated his political advocacy as unlawful business activity and selectively enforced licensing ordinances against him. ECF 7 ¶¶ 15–16, 35, 42–48. He alleges that on

or about September 11, 2025, Lt. Jamison told him he needed a business license and ordered him to stop his expressive activity, and that on or about October 10, 2025, an undercover officer characterized the interaction as a "purchase," even though Plaintiff contends the items were part of a donation-based expressive activity. Id. ¶¶ 16–19. Plaintiff also alleges that material facts were omitted or misstated in warrant-related declarations, including the political and expressive nature of his conduct. ECF 7 ¶¶ 20, 39–41. Those allegations are sufficient at this stage, and the Court may not accept Defendants' competing narrative as a basis for dismissal.

## LEGAL STANDARD

A complaint survives dismissal under Fed. R. Civ. P. 12(b)(6) if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662 (2009) In evaluating plausibility, the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. Id. Legal conclusions and threadbare recitations of elements do not

suffice, but the complaint need not prove its case at the pleading stage. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)

## ARGUMENT

## I. Younger does not justify dismissal of Plaintiff's damages claims.

Defendants argue this Court must abstain because Plaintiff's criminal case is pending in Orem Justice Court. Plaintiff does not dispute that an ongoing state criminal prosecution may implicate Younger as to requests for injunctive or declaratory relief. But Defendants overstate the doctrine when they seek dismissal of the entire case, including damages claims. The Supreme Court held in Deakins v. Monaghan, 484 U.S. 193 (1988) that when federal claims for monetary relief are not cognizable in the state proceeding, the federal court should not dismiss those claims outright. Rather, where abstention is warranted, the proper course is ordinarily to **stay** the damages claims pending the outcome of the state proceedings. Id. at 202–03.

The Tenth Circuit likewise recognizes Younger abstention where there is an ongoing state criminal proceeding, an adequate state forum, and an

important state interest. See Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211 (10th Cir. 2003); D.L. v. Unified Sch. Dist. No. 497, 392 F.3d 1223 (10th Cir. 2004). Even if those conditions are met here, they support, at most, a stay of damages claims. They do not support dismissal with prejudice.

> **Requested ruling:** If the Court concludes Younger applies, Plaintiff asks that any overlapping damages claims be stayed, not dismissed.

## II. Heck does not bar this action because Plaintiff has not been convicted.

Defendants' reliance on Heck v. Humphrey, 512 U.S. 477 (1994) is premature. Heck bars certain damages claims only where success would necessarily imply the invalidity of an **existing conviction or sentence** that has not been invalidated. Id. at 486–87. Plaintiff has not been convicted.

The Supreme Court addressed the pending-prosecution scenario in Wallace v. Kato, 549 U.S. 384 (2007). Wallace rejected the notion that a civil rights action must be dismissed simply because it may overlap with a future criminal conviction that has not yet occurred. Where a civil case

overlaps with pending criminal proceedings, the ordinary response is a stay, not dismissal under Heck. Id. at 393–94.

Defendants' own motion confirms that the criminal matter is still pending. That means Heck is not a present bar to suit. If the Court is concerned about overlap with the state case, the proper remedy is to stay the damages claims until the criminal matter is resolved.

## III. The Court cannot resolve factual disputes by accepting the arrest-warrant declaration over the Amended Complaint.

Defendants repeatedly argue that the arrest-warrant declaration "contradicts" the Amended Complaint. That is not a proper basis for dismissal under Fed. R. Civ. P. 12(b)(6).

At the pleading stage, the Court must accept Plaintiff's allegations as true and may not weigh competing evidence or resolve factual disputes. Ashcroft v. Iqbal, 556 U.S. 662 (2009) Defendants may not defeat a plausible complaint by asking the Court to credit their preferred version of events from a warrant declaration submitted in the criminal case.

Plaintiff alleges that he was engaged in donation-based expressive activity and political advocacy, not a conventional retail business. ECF 7 ¶¶ 12–16. Whether the officer declaration accurately described Plaintiff's conduct is a disputed factual issue. The motion to dismiss asks the Court to decide that issue now. It should not.

The same point applies to Defendants' arguments about purported omissions in the warrant materials. Plaintiff alleges the warrant-related statements omitted or misstated the political and expressive nature of his conduct. ECF 7 ¶¶ 20, 39–41. That allegation is sufficient at the pleading stage, and any disagreement over the contents or materiality of the warrant materials is not grounds for dismissal on the present motion.

## IV. Plaintiff has plausibly alleged First Amendment retaliation.

To state a First Amendment retaliation claim, Plaintiff must plausibly allege:

1. protected activity;

2. injury that would chill a person of ordinary firmness from continuing to engage in that activity; and

3. retaliatory motive. Worrell v. Henry, 219 F.3d 1197 (10th Cir. 2000)

Plaintiff has done so.

## A. Plaintiff alleges protected activity.

The Amended Complaint alleges that Plaintiff engaged in "political messaging, advocacy, and donation-based expressive conduct," including support for Donald J. Trump and Charlie Kirk. ECF 7 ¶¶ 12–14. Those allegations describe expressive political activity, which is protected by the First Amendment.

Defendants try to recharacterize the conduct as unlicensed retail sales. But Plaintiff's claim is not that ordinary commercial sales are always protected speech. His claim is that Defendants targeted him because of the expressive and political character of his activity. Speech does not lose First Amendment protection simply because it is tied to advocacy, fundraising, or the distribution of expressive materials. See Riley v. Nat'l Fed'n of the Blind of N.C., Inc., 487 U.S. 781 (1988); Heffron v. Int'l Soc'y for Krishna Consciousness, Inc., 452 U.S. 640 (1981);

Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Vill. of Stratton, 536 U.S. 150 (2002)

## B. Plaintiff alleges adverse action.

Arrest, criminal charges, and prosecution are quintessential adverse actions that would chill a person of ordinary firmness from continuing to engage in protected activity. ECF 7 ¶¶ 15–20, 27–31, 42–48; Worrell v. Henry, 219 F.3d 1197 (10th Cir. 2000)

## C. Plaintiff plausibly alleges retaliatory motive.

Defendants argue Plaintiff has not alleged an express statement of political hostility. But retaliatory motive can be pleaded circumstantially. Plaintiff alleges that officers treated his expressive political activity as unlawful business conduct, that the enforcement action occurred in the context of highly visible political advocacy, and that warrant materials omitted or misrepresented the expressive nature of his conduct. ECF 7 ¶¶ 15–20, 35, 39–41, 47–48.

Those allegations plausibly support the inference that Defendants' actions were substantially motivated by Plaintiff's protected expression. At minimum, they are enough to move beyond the pleading stage.

## V. Plaintiff has plausibly alleged viewpoint discrimination.

Defendants' argument that Utah's licensing statute is facially neutral does not defeat Plaintiff's as-applied viewpoint discrimination claim. A law neutral on its face may still violate the First Amendment if enforced because of the speaker's ideology or perspective. Rosenberger v. Rector & Visitors of the Univ. of Va., 515 U.S. 819 (1995); Police Dep't of Chi. v. Mosley, 408 U.S. 92 (1972)

Plaintiff alleges that Defendants targeted his political advocacy, including his support for Donald J. Trump and Charlie Kirk, and treated his expressive conduct as criminal business activity because of its viewpoint. ECF 7 ¶¶ 13–16, 35, 42–48. That is enough at the pleading stage.

Defendants insist Plaintiff must plead an officer's direct admission of ideological animus. He does not. Circumstantial allegations suffice

where, as here, the complaint alleges selective enforcement against expressive political activity.

## VI. Plaintiff has plausibly alleged a prior restraint / unconstitutional licensing scheme claim.

Defendants argue that Plaintiff cannot plead prior restraint because he did not apply for a license and receive a denial. That formulation is too narrow.

Plaintiff alleges that licensing and transient-vendor requirements were enforced in a manner that burdened protected political speech and advocacy. ECF 7 ¶¶ 47–48. Prior restraint doctrine applies where speech is conditioned on prior approval or where a licensing scheme vests officials with excessive discretion or suppresses speech before it occurs. City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750 (1988); Forsyth Cnty. v. Nationalist Movement, 505 U.S. 123 (1992) Under Utah law, similar principles are recognized in Midvale City Corp. v. Haltom, 2003 UT 26, 73 P.3d 334. Whether the licensing scheme here actually functioned as a prior restraint as applied to Plaintiff's activity

depends on facts not yet developed. At minimum, the claim is plausibly pleaded, or Plaintiff should be granted leave to amend if the Court wants more detail.

## VII. Plaintiff's Fourth Amendment claim is plausibly pleaded, or at minimum should be dismissed without prejudice to amendment.

Plaintiff alleges that material facts were omitted or misstated in warrant-related declarations, including the political and expressive nature of his conduct. ECF 7 ¶¶ 20, 39–41. A Fourth Amendment claim based on false or incomplete warrant materials is governed by Franks v. Delaware, 438 U.S. 154 (1978), which requires a substantial showing that the affiant knowingly, intentionally, or recklessly included false statements or omitted material facts necessary to probable cause. Defendants argue the declaration itself included Plaintiff's statement that he was "not selling items, but taking donations and providing the items as gifts." But that does not foreclose Plaintiff's claim. Plaintiff alleges broader omissions and mischaracterizations regarding the expressive, political, and donation-based nature of the activity. ECF 7 ¶¶ 20, 39–41.

The materiality of those facts and the sufficiency of the warrant materials are disputed issues not appropriate for resolution on a motion to dismiss.

If the Court believes the current pleading needs greater specificity, Plaintiff requests leave to amend to identify the precise misstatements and omissions.

## VIII. Qualified immunity does not warrant dismissal at this stage.

Defendants Locke and Jamison argue they are entitled to qualified immunity because they enforced a facially neutral licensing statute. But qualified immunity does not protect officials who allegedly retaliate against protected speech or enforce laws in a viewpoint-discriminatory manner in violation of clearly established law.

The relevant rights were clearly established long before the events alleged here: retaliation for protected expression is unlawful, viewpoint discrimination is prohibited, and warrant affidavits may not omit or misstate material facts with reckless disregard for the truth. See Worrell v. Henry, 219 F.3d 1197 (10th Cir. 2000); Rosenberger v. Rector &

Visitors of the Univ. of Va., 515 U.S. 819 (1995); Franks v. Delaware, 438 U.S. 154 (1978)

Defendants' immunity argument depends on their disputed factual claim that Plaintiff was simply selling goods without a license. Plaintiff's allegations are different. The Court must accept Plaintiff's allegations at this stage. If those allegations are true, Defendants are not entitled to dismissal on qualified-immunity grounds.

## IX. Plaintiff has plausibly alleged Monell liability, or at minimum should be granted leave to amend.

Defendants contend Plaintiff's Monell allegations are conclusory. Plaintiff respectfully disagrees. The Amended Complaint alleges that the City of Orem maintained policies, customs, or practices that burdened protected expressive conduct through licensing enforcement and criminal process, and that the challenged conduct was an official policy, custom, or ratified practice that was the moving force behind Plaintiff's injuries. ECF 7 ¶¶ 42–45.

Monell requires more than respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) The Tenth Circuit also recognizes municipal liability based on policy, custom, final policymaker decisions, ratification, and deliberate indifference failures to train. Bryson v. City of Okla. City, 627 F.3d 784 (10th Cir. 2010)

To the extent the Court concludes Plaintiff needs to plead a more detailed policy or custom theory, the appropriate remedy is leave to amend rather than dismissal with prejudice.

## REQUEST FOR LEAVE TO AMEND

If the Court concludes any claim is insufficiently pleaded, Plaintiff respectfully requests leave to amend under Fed. R. Civ. P. 15(a)(2). Additional factual detail can clarify:

4. the expressive and political nature of Plaintiff's activity;

5. the donation-based structure of the conduct;

6. the circumstances supporting retaliatory motive and viewpoint discrimination;

7. the precise warrant misstatements or omissions; and

8. the City policy, custom, ratification, or failure-to-train theory.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss. In the alternative, if the Court concludes Younger warrants abstention as to equitable relief, Plaintiff asks that any overlapping damages claims be stayed, not dismissed. If the Court finds any claim insufficiently pleaded, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

DATED this 8th day of July 2026.

Respectfully submitted,

/s/ Eric N. Smith /s/

Plaintiff Pro Se